## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JESSICA HARPER, on her own behalf and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CASE NO.: _____ |
| | ) | |
| HOME OIL COMPANY, INC., dba HOBO PANTRY, a domestic corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, Jessica Harper (hereinafter "Harper", "Plaintiff" and/or "Class Representative"), on her own behalf and on behalf of all others similarly situated, hereby sues Defendant, Home Oil Company, Inc., dba Hobo Pantry (hereinafter "Home Oil", "Hobo" and/or "Defendant") and alleges as follows:

## INTRODUCTION

1.     Plaintiff, by filing this class action, seeks to put an end to systemic civil rights violations committed by Defendant against people in wheelchairs and/or persons with mobility impairments, who, without the obligations imposed by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (hereinafter the "ADA"), would otherwise be denied equal access to the goods and services

provided to able-bodied customers at Defendant's various locations in violation of the ADA.

2.     Plaintiff brings this action on her own behalf and on behalf of all others similarly situated against Defendant alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and the Americans with Disability Act Accessibility Guidelines 28 C.F.R. Pt. 36 (hereinafter "ADAAG"), its implementing regulations, in connection with access barriers at public accommodations owned, operated, controlled, leased to and/or leased by Defendant (hereinafter "Defendant's facilities" and/or "Defendant's locations" and/or "Defendant's properties" and/or "subject facilities" and/or "subject locations" and/or "subject properties").

3.     Plaintiff was born with spina bifida resulting in paraplegia and requires a wheelchair for mobility.

4.     Plaintiff has visited several of Defendant's subject locations recently and on multiple occasions within the last two years of the filing of this Complaint and intends to continue to visit Defendant's subject locations.  However, unless Defendant is required to remove the readily achievable access barriers described herein, Plaintiff will continue to be denied equal access to Defendant's subject facilities as described and will be denied equal use of Defendant's facilities.

5.     Plaintiff advocates for the rights of similarly situated disabled persons

for purposes of asserting their civil rights as well as for purposes of monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

6.      Therefore, on behalf of a class of similarly situated individuals, Plaintiff seeks a declaration that Defendant's facilities violate federal law as described and an injunction requiring Defendant to perform readily achievable barrier removal of the identified access barriers at its existing facilities, and at its newly constructed and altered facilities, requiring Defendant to completely remove the identified access barriers so that each of Defendant's facilities are accessible to and independently usable by individuals with mobility disabilities, as required by the ADA.  Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate over a period of years, the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant is brought into compliance with the relevant requirements of the ADA and to ensure that Defendant has revised its company-wide policies, practices and procedures that are presently ineffective at curbing noncompliance with the ADA at its locations.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

7.      Over thirty years ago, as set forth within the ADA's *Findings and purpose* section, Congress expressly found:

> [S]ociety has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of

3

discrimination against individuals with disabilities continue to be a serious and pervasive social problem; . . . individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, <u>failure to make modifications to existing facilities and practices</u>, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities; . . . census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally. U.S.C. § 12101 (a)(2)(5)(6) (Underline added)

8.     The ADA broadly protects the rights of individuals with disabilities in employment, access to state and local government services, places of public accommodation, transportation, and other important areas of American life.  This lawsuit focuses on Defendant's systemic willful failure to perform readily achievable barrier removal at its existing facilities, its systemic willful failure to completely remove the access barriers at its newly constructed and altered facilities, and its systemic willful failure to maintain the accessible elements of its facilities in compliance with the ADA.

9.     Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly, or through contractual, licensing, or other arrangements, from denying individuals with disabilities the opportunity to

participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

10.    A unanimous Supreme Court upheld the constitutionality of the public accommodations provisions of the Civil Rights Act of 1964 in *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964). The Supreme Court agreed that Congress possessed the authority to outlaw discrimination in public accommodations on the basis of race. *Id.* at 261-62. Congress acted again to outlaw discrimination in public accommodations—this time on the basis of disability. 42 U.S.C. § 12182(b)(1)(D).

11.    Thereafter, in *Gomez v. Dade Cnty. Fed. Credit Union*, 610 F. App'x 859, 860-861 (11th. Cir. 2015), the Eleventh Circuit provided an overview of the ADA's enactment, purpose, and enforcement structure, by writing:

> Congress passed the ADA in 1990 to solve a pressing problem: the exclusion of disabled people from the public sphere. Throughout history, discriminatory barriers and overprotective rules kept the disabled from enjoying services, programs, and jobs on equal footing with others. *See* 42 U.S.C. §12101(a). The legislature sought to break the status quo by assuring "equality of opportunity, full participation, [and] independent living" for the disabled through "clear, strong, consistent, enforceable standards." *Id.* §12101(a)(7), (b)(2). These rules apply to employers, local and state governments, and public accommodations—a group that reflects the law's sweeping mandate.

> Title III of the ADA prohibits discrimination in public accommodations, and gives specific guidance to that end. *See id.* §12182. For example, the law orders businesses "to ensure that no

individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." *Id.* § 12182(b)(2)(A)(iii). Businesses may derogate from this rule only if complying would cause an undue burden. Furthermore, to flesh out the statute's commands, the law authorizes the Attorney General to craft regulations and set standards. *Id.* § 12186(b). The Attorney General's standards must accord with suggestions from the Architectural and Transportation Barriers Compliance Board (the "Access Board"), a body of expert appointees created by the Rehabilitation Act of 1973 § 502, 29 U.S.C. §792(a). *Id.* § 12186(c).

The Attorney General released the first ADA standards in 1991 and retooled them effective March 15, 2012. *See Nondiscrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities*, 75 Fed. Reg. 56,236, 56,23738 (Dep't of Justice Sept. 15, 2010) ("*Final Rule*"). The latest set, called the 2010 Standards, was adopted from the Access Board's 2004 ADA Accessibility Guidelines. *See id.*; 36 C.F.R. pt. 1191 app. D ("2004 ADAAG"). (Underline added).

12.    Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of [accommodations] by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  Congress made no distinction whether the owner was a natural person, a partnership, a corporation, or any other type of structure allowed under the law. Congress outlawed discrimination on the basis of disability.

13.    The ADA expressly contemplates loss of opportunity as an actionable injury. Congress included within the Act the stated goal of assuring "equality of opportunity" to disabled persons. 42 U.S.C. § 12101(a). The ADA provides a cause of action to "any person who is being subjected to discrimination" and expressly

states that "it shall be discriminatory to subject an individual or class of individuals on the basis of disability … *to a denial of the opportunity* of the individual *or class* to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(a), (b) (emphasis added). A disabled plaintiff is denied the opportunity to participate in or benefit from the goods and services, which is among the ADA's general prohibitions, in a number of ways, including a defendant's "failure to remove architectural barriers," which is among the specific prohibitions listed in 42 U.S.C. §§ 12181, 12182, and 12183. Thus, the disabled plaintiff suffers an ongoing injury so long as he or she is effectively denied the opportunity to participate in or benefit from the goods, services, facilities, advantages, or accommodations of the entity.

## JURISDICTION AND VENUE

14.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

15.     Plaintiff's claims asserted herein arose in this judicial district and Defendant does ongoing and substantial business in this judicial district.

16.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.  Plaintiff resides in this judicial district.

## PARTIES

### Plaintiff

17.     Harper is an Alabama resident who qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq.* Harper suffers from spina bifida resulting in paraplegia and limited dexterity and functionality in her upper extremities. Harper's disability requires her to use a wheelchair for mobility and has caused her to be limited in the major life activity of walking. Harper brings this action on behalf of herself and a class of persons who are also mobility impaired.

18.     Harper, acting as the Class Representative, advocates for the rights of similarly situated mobility impaired individuals for asserting their civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA and provide safe and equal access to people in wheelchairs.

19.     Because of her disabilities, Class Representative Plaintiff is a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq.*

### Defendant

20.     Defendant, Home Oil Company, Inc., dba Hobo Pantry, is a domestic

corporation with its corporate office located at 5744 East U.S. Highway 84, Cowarts, Alabama, 36321.

21.    Upon information and belief, Defendant owns, leases, operates, maintains, and/or manages the subject facilities and is responsible for the design, construction, and/or alteration of its properties' physical elements, as well as the policies, practices, and procedures at the subject properties, including the discriminatory architectural barriers, policies, practices, and procedures as alleged in this Complaint.

## STATEMENT OF FACTS

### Defendant's Corporate Structure and Operations

22.    Defendant's subject properties are public accommodations pursuant to 42 U.S.C. § 12181(7)(F).

23.    Defendant owns, leases, operates, maintains, and/or manages places of public accommodation.

24.    Defendant's facilities are not equally accessible to, and independently usable by, individuals who use wheelchairs or otherwise have mobility impairments.

25.    On information and belief, Defendant owns, operates, and/or controls a chain of over twenty-five (25) gas station/convenience stores across the "Wiregrass" region of southeast Alabama spanning across nine counties.    The largest concentration of Defendant's stores exists in and around Dothan, Houston County,

Alabama, an area with the eighth highest population density in the State of Alabama.

26.     Defendant maintains control over all decisions regarding the specifications, purchase, installation, construction, renovation, maintenance, and/or repair of fixtures, furnishings, and other accessible elements inside and outside its locations including, but not limited to, customer parking, customer restrooms, self-service fuel dispensers, self-service beverage/food counters, sales counters, self-serve drink dispensers, and self-service shelves, caddies, and dispensing devices for tableware, dishware, condiments, and food items.

## Defendant's Services are Inaccessible for the Mobility Impaired

27.     There are approximately 34.2 million people in the United States that have mobility related disabilities which require assistive devices such as wheelchairs, scooters and/or walkers.[1] A snapshot of the state wherein Defendant operates shows there are over 725,000 people in the State of Alabama that have mobility related disabilities which require assistive devices such as wheelchairs, scooters and/or walkers.

28.     In September of 2018, the U. S. Department of Transportation published a document entitled *Travel Patterns of American Adults with Disabilities*, that examined several attributes of these individuals including household

---

[1] Centers for Disease Control and Prevention, National Center on Birth Defects and Developmental Disabilities, Division of Human Development and Disability.  Disability and Health Data System (DHDS) Data [online]. [Accessed <u>DATE</u>]. URL: https://dhds.cdc.gov

demographics, vehicle ownership, trip frequency, and mode of transport.  See Exhibit "A" attached hereto.  The study found that among people aged 18 to 64, people with disabilities made on average 2.6 trips per day compared to 3.6 trips for those without disabilities. Id. at p. 5 of 11.

29.     The document also compared trip distance for workers with disabilities, with trip distance for workers without disabilities, and found those with disabilities traveled 9.4 miles while those without disabilities traveled 12 miles. Doc. 110-1 at p. 8 of 11.   It also noted non-workers with disabilities travel an average of 7.5 miles versus 9.5 miles for non-workers without disabilities. Id.

30.     When examining both rural and urban populations, of those with and those without disabilities, the study found that the travel variation in distances between the populations was not statistically significant. Doc. 110-1 at p. 8 of 11. "Similarly, the differences in travel times between peoples with and without disabilities are not statistically significant for rural or urban residents." Id.

31.     As previously noted, Defendant controls over 25 gas station/ convenience stores across southeast Alabama with its largest concentration of stores being in and around Dothan, Houston County, Alabama, an area with the eighth highest population density in the State of Alabama. Hence, a significant portion of the over 725,000 residents across Alabama which have mobility related disabilities that require assistive devices such as wheelchairs, scooters and/or walkers, encounter

discrimination at Defendant's locations on a regular basis.

32.    Defendant has systemically and willfully, intentionally, or negligently discriminated against individuals with mobility disabilities by implementing and maintaining consistently inadequate corporate policies and company-wide practices that result in routine violation of the ADA and the ADA's accessibility guidelines and consistently produce access barriers at Defendant's facilities across Alabama. The resulting discrimination suffered by Plaintiff at the hands of Defendant is not unique to the individually named plaintiff but is shared by all similarly situated disabled individuals and members of the putative Class.

33.    Defendant has direct knowledge of its duty to comply with the ADA and the ADA's accessibility guidelines yet intentionally refuses to satisfy its ongoing duty to engage in readily achievable barrier removal at its existing facilities, and to ensure that its new construction and altered facilities are readily accessible to and usable by individuals with disabilities to the maximum extent feasible. The intentional noncompliance by Defendant amounts to an unofficial policy of discrimination—a common issue weighing in favor of class certification. Defendant has willfully maintained violations of the ADA and the ADA's accessibility guidelines despite its knowing ongoing obligation to cure same and in so doing has perpetuated the existence and occurrence of discriminatory barriers to safe and equal access affecting Plaintiff and all similarly situated disabled persons, including

members of the putative Class.

34.    Defendant's continued practice of intentional noncompliance amounts to an unofficial policy of discrimination responsible for the barriers to equal access common to Defendant's locations encountered by Plaintiffs as set forth herein. Defendant's company-wide *de facto* policy of discrimination has caused architectural barriers to equal access common to its properties across Alabama.  In fact, numerous properties owned, operated, leased, managed and/or controlled by Defendant have common exterior and interior elements that are inaccessible to individuals who rely on wheelchairs for mobility, or are otherwise mobility impaired.  These inaccessible elements have persisted for years as a result of Defendant's continued company-wide practice of intentional noncompliance and *de facto* policy of discrimination.

35.    Unless Defendant is required to address the access barriers described herein and required to change its discriminatory policies and practices so that the access barriers do not reoccur at Defendant's properties, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described and will be deterred from fully using Defendant's facilities across Alabama.

36.    Plaintiff has visited one or more of Defendant's facilities prior to the filing of this Class Action Complaint and on several occasions but was denied full, safe and equal access to, and full and equal enjoyment of, said facilities as a result

of Defendant's discriminatory barriers existing within and about Defendant's property locations.  The access barriers present at Defendant's facilities make it impossible for a wheelchair user to experience the subject facilities fully and independently in a manner that equals the experience provided to Defendant's able-bodied customers.

37.   Plaintiff has visited one or more of Defendant's facilities prior to the filing of this Class Action Complaint and was denied full, safe, and equal access to, and full and equal enjoyment of, said facilities as a result of Defendant's discriminatory barriers existing within and about Defendant's property locations. The access barriers present at Defendant's facilities make it impossible for a wheelchair user to experience the subject facilities fully and independently in a manner that equals the experience provided to Defendant's able-bodied customers.

38.   The facilities owned, operated, controlled, managed, leased to and/or leased by Defendant not only have interior violations which directly affect wheelchair users' accessibility, they have exterior violations which make it impossible for the safe, independent and equal entry to the facilities for people who rely on wheelchairs for mobility, or are otherwise mobility impaired.

39.   The majority of Defendant's gas station/convenience stores consist of "pump island style" fueling stations, many of which were originally constructed prior to January 26, 1992, and as such, are considered existing facilities under the

ADA. Since January 26, 1992, Defendant has an obligation to remove architectural barriers affecting the accessible elements at each of its existing facilities where such removal is readily achievable, 28 C.F.R. 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv). Defendant's barrier removal obligation is an ongoing one that took effect on January 26, 1992. For all barrier removal Defendant determined was not readily achievable to complete as of January 26, 1992, Defendant was required to take all other readily achievable steps to make affected goods, services, or privileges accessible to Plaintiff, as an individual with mobility impairments.

40.     Where Defendant has performed an alteration to any accessible element at its existing facilities since January 26, 1992, Defendant is required to ensure to the maximum extent feasible, that the altered elements are readily accessible to and usable by individuals with disabilities, including individuals with mobility impairments and/or individuals who use wheelchairs or other assistive devices, 28 C.F.R. 36.402; and where Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then Defendant's facilities must be readily accessible to and usable by individuals with disabilities as defined by the ADA.

41.     Because Defendant's properties are constructed, altered, operated, controlled and/or uniformly maintained by Defendant with respect to the interior and exterior elements in ways that violate the ADA, Plaintiff seeks to certify a class

action pursuant to Fed. R. Civ. P. 23.

**Experience of Named Plaintiff**

42.     Plaintiff Harper has visited the following facilities owned, operated, controlled, managed, leased to and/or leased by Defendant: the Hobo Pantry Marathon located at 2808 E. Main Street, Dothan, Alabama, and Hobo Pantry Citgo located at 2977 Montgomery Highway, Dothan, Alabama, within the last two (2) years, where she experienced unnecessary difficulty and risk in the exterior and interior facilities of the property because of barriers which prevented and continue to prevent safe and equal access to goods and services for people with wheelchairs and/or mobility impairments, which constitutes discriminatory ADA accessibility violations at Defendant's properties as set forth in more detail herein.

**Uniform Barriers Existing Across Defendant's Locations**

43.     On behalf of Plaintiff, her representative(s) visited each of the gas station/convenience store locations owned by Defendant across Alabama and examined and found common ADA violations that in the parking facilities, exterior routes, store interior, and toilet rooms.

44.     Attached hereto as Exhibit "B" is a Master Barrier List Key identifying the above-referenced violations present at Defendant's various locations.  Set forth below is a list of Defendant's locations with violations identified in the KEY at each specific identified location.

**Locations**

a.   4279 Montgomery Highway (d/b/a Murphy Mill Convenience)
Dothan, AL 36303

**P1, P2, P3, T1, T2, T6, T9, S1, S2, S3**

b.   1988 US Highway 84
Ashford, AL

**P1, P2, P3, S1, S2**

c.   616 N. Oates Street
Dothan, AL
**P1, P2, P3, P5, S1, S2**

d.   4380 Columbia Highway (W. State Highway 52)
Dothan, AL

**P1, R1, T1, T5, T6, T9, T10, T11, T12, T14, S1, S2, S6**

e.   13286 Cottonwood Rd
Cottonwood, AL

**P2, P3, P4, S1, S2, S7**

f.   2808 E. Main Street
Dothan, AL

**P3, P4, R5, R6, R8, T1, T3, T4, T9, T10, S1, S2**

g.   735 Ross Clark Circle
Dothan, AL

**P1, P2, P3, S1, S2**

h.   6322 Highway 84 East
Cowarts, AL

**P1, P2, P3**

i.      2 E. Main Street
        Samson, AL

        **P1, P2, P3, R8, S1, S2**

j.      3660 Ft. Rucker Blvd
        Enterprise, AL

        **P1, P2, P3, R6, T3, T4, T5, T6, T9, T10, T11, S1, S2**

k.      22 Pea River Road
        Ariton, AL

        **P1, P2, P3, P4, T1, T3, T9, T10, T12, S1, S2, S6**

l.      146 Westgate Parkway
        Dothan, AL

        **P2, P3, R3, R8, T1, T3, T5, T6, T8, T9, T10, T14, S1, S2**

m.      2409 Reeves Street
        Dothan, AL

        **P2, P3, S1, S2**

n.      2977 Montgomery Highway
        Dothan, AL

        **P2, T1, T3, T5, T6, T9**

o.      16566 Highway 431 South
        Headland, AL

        **P3, P4, P5, R1, T4, T6, T9, S1, S2**

p.      3004 S. Eufaula Avenue
        Eufaula, AL

**P1, P3, P4, R3, R5, R7, R8, T1, T4, T5, T9, T10, T15, S1, S2, S6**

q.     3090 Denton Road
       Dothan, AL

**P1, P2, P3, R8, S1, S2, S7**

r.     1022 S. Highway 231
       Ozark, AL

**P3, R5, R7, R8, T1, T3, T4, T6, T9, T10, T12**

s.     707 Florala Highway
       Opp, AL

**P3, P4, S1, S2**

t.     438 S. A. Graham Blvd  (7612 US 231)
       Brundidge, AL

**P1, R6, R8, T1, T4, T6, T9, T10, S1, S2, S6**

u.     204 E. Church Street
       Columbia, AL

**P1, P2, P3, R6, R8, S1, S2**

v.     2520 S. Oates Street
       Dothan, AL

**P3, P4, R6, R8, T4, T6, T9, S1, S2, S5, S6**

w.     3731 S Park Avenue
       Dothan, AL

**P1, R3, R7, T4, T9, S1, S2, S6**

x.     20718 E US Highway 84
       Gordon, AL

**P1, P2, P3, R1, R8, S1, S2**

y.    4468 W Main Street
      Dothan, AL

**P3, P4, T4, T9, S1, S2, S6**

z.    3281 S Eufaula Avenue
      Eufaula, AL

**P1, P2, P3, S1, S2**

41.    As of the filing of this Class Action Complaint, on information and belief, the discriminatory barriers as set forth herein continue to remain in place at Defendant's facilities, the Class Representative Plaintiff remains disabled, is "able and ready" and specifically intends to visit Defendant's facilities once Defendant is required to make them compliant.  However, if the Class Representative Plaintiff does return to Defendant's subject locations before the facilities are made compliant, the same discrimination will reoccur until the facilities are made compliant.  Thus, because of the ongoing nature of Defendant's discrimination, the Class Representative Plaintiff may be deterred from visiting Defendant's subject locations and is currently unable to enjoy the same goods and services available to able-bodied individuals that visit Defendant's locations.  Notwithstanding the ongoing discrimination, Plaintiff may in fact continue to visit additional locations of Defendant.

## CLASS ACTION ALLEGATIONS

42.     Defendant has discriminated against, and continues to discriminate against, customers with mobility disabilities, as more fully set forth in this Complaint.

43.     The named Plaintiff encountered some of the accessibility barriers described in this Class Action Complaint at Defendant's subject locations because she uses a wheelchair.   On information and belief, Class members have also experienced the same barriers to full and equal access that Plaintiff has experienced, and such barriers have existed and continue to exist at Defendant's subject locations across Alabama.

44.     Plaintiff and Class members have been injured by Defendant's failure to comply with the ADA.

45.     Plaintiff brings this class action pursuant to Fed R. Civ. P. 23 of the Federal Rules of Civil Procedure on her own behalf and on behalf of the following class of persons:

> All persons with mobility disabilities who use wheelchairs or are otherwise disabled due to mobility related issues, who were denied the full and equal enjoyment of the goods, services facilities, privileges, advantages, or accommodations of any subject location in Alabama on the basis of the disability because of the presence of inaccessible parking, inaccessible exterior accessible routes, inaccessible entrances/exits, inaccessible restrooms, and inaccessible self-service beverage counters and dispensing devices, among other barriers.

46.     Excluded from the Class is Defendant, any person, firm, trust, corporation or other entity affiliated with Defendant, and members of the federal judiciary.

47.     Pursuant to Fed R. Civ. P. 23(a)(1), the members of the Class, or any applicable subclasses, are so numerous and geographically dispersed that joinder of all members is impracticable.  As noted above, there are approximately 725,000 individuals in Alabama that have mobility related disabilities.  It is foreseeable that many of them will attempt to visit Defendant's locations and encounter barriers.

48.     Moreover, it is foreseeable that mobility impaired individuals who reside in other states might stop at one of Defendant's locations while travelling by motor vehicle through Alabama, as many of its locations are situated on major highways.

49.     The Class identified is believed to consist of hundreds, if not thousands, of members, and joinder of all such Class members in this lawsuit is impracticable. Courts frequently use census data and common sense to determine that the numerosity requirement has been satisfied.  See *Gray v. Golden Gate Nat'l Recreational Area,* 279 F.R.D. 501, 508 (N.D. Cal. 2011) (using U.S. Census data to infer that thousands of persons with mobility disabilities visit Defendant's facilities each year).

50.     Pursuant to Fed. R. Civ. P. 23(a)(2), common questions of fact and law

exist as to all members of the Class and any applicable subclasses.  These common questions include, but are not limited to, whether Defendant violated Title III of the ADA with regard to the accessible parking, accessible routes, accessible entrances/exists, accessible restroom entrances, self-service counters, and/or dispensing devices for beverages, tableware, dishware, condiments, straws, and/or napkins and its failure to provide an accessible route connecting accessible elements. All of the foregoing questions are common to the Class or any applicable subclass(es).

51.     The claims of the proposed Class Representatives are typical of the claims of the Class and/or any subclass(es).  The individual Plaintiff, like all other members of the Class and/or subclass, has mobility impairment issues and asserts that Defendant has violated the ADA by designing and/or controlling the discriminatory specifications, installation, construction, renovation, maintenance, and/or repair of all required accessible elements, accessible routes, paths of travel, fixtures, furnishings, and other accessible elements inside and outside the facilities resulting in inaccessible parking facilities, paths of travel, accessible routes, self-service counter, shelves and dispensing devices for tableware, dishware, condiments, straws and napkins.

52.     The proposed Class Representative will fairly and adequately protect the interests of the Class and any applicable subclass(es).  Plaintiff has no interests

that are antagonistic to absent Class members or members of any applicable subclass(es).  Plaintiff has retained counsel with extensive experience in litigation brought both under the ADA, as well as with class action litigation.

53.     The proposed Class Representative and retained counsel are aware of their fiduciary responsibilities to the Class and any subclass(es) and are determined to diligently discharge those duties.

54.     This action may be maintained pursuant to Rule 23(b)(2), because Defendant's actions in designing and/or controlling the discriminatory specifications, installation, construction, renovation, maintenance, and/or repair of all required accessible elements, accessible routes, paths of travel, fixtures, furnishings, and other accessible elements inside and outside the store resulting in inaccessible parking facilities, paths of travel, accessible routes, self-service counters, and dispensing devices for tableware, dishware, condiments, straws and napkins at its subject locations are actions that apply generally to the class and any applicable subclass(es).  Accordingly, injunctive and declaratory relief are appropriate for the Class as a whole.

55.     To the extent necessary, the Court may make use of subclass(es) to group or categorize the subject locations regarding common violations as outlined herein.

## SUBSTANTIVE VIOLATION

56.     The architectural barriers described herein demonstrate that Defendant has not engaged in readily achievable barrier removal where required to do so; Defendant's facilities were not altered, designed or constructed in a manner that causes them to be readily accessible to and usable by individuals who use wheelchairs or who have mobility impairments; and/or that Defendant's facilities were not maintained so as to ensure that they remained accessible to and usable by individuals who use wheelchairs or have mobility impairments.

57.     Furthermore, the architectural barriers described herein demonstrate that Defendant has failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(a)(iv).

58.     Defendant's repeated and systemic failure to design, construct and/or alter facilities so that they are readily accessible and usable, to remove architectural barriers, and to alter their policies, practices and procedures constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

59.     Defendant's facilities are required to comply with the Department of Justice's 2010 Standards of Accessible Design, or in some cases the 1991 Standards, 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., Pt. 36, App. A.

60.     Defendant is required to provide individuals who use wheelchairs or otherwise have qualified mobility disabilities full and equal enjoyment of its

facilities. 42 U.S.C. § 12182(a).

61.    Defendant has failed, and continues to fail, to provide individuals who use wheelchairs or otherwise have qualified mobility disabilities with full and equal enjoyment of its facilities.

62.    Defendant has discriminated against Plaintiff and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs or otherwise have qualified mobility disabilities, in violation of 42 U.S.C. § 12182(a) as described herein.

63.    Defendant's conduct is ongoing and continuous, and Plaintiff and the Class have been harmed by Defendant's conduct.

64.    Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the Class.

65.    Given that Defendant has not complied with the ADA's requirements to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs or otherwise have qualified mobility disabilities, Plaintiff seeks declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, on behalf of herself and those similarly situated, prays for the following relief:

A.      Entry of a declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described herein, and the relevant implementing regulations of the ADA, in that Defendant's facilities, as described herein, are not fully accessible to, and independently usable by, individuals who use wheelchairs or otherwise have qualified mobility disabilities;

B.      Entry of a permanent injunction pursuant to 42 U.S.C. § 12188(A)(2) and 28 C.F.R. § 36.501(b), which directs Defendant: (1) to take all steps necessary to remove the architectural barriers described herein and to bring its facilities into compliance with the requirements set forth in the ADA, and its implementing regulations, so that its facilities are fully accessible to, and independently usable by, individuals who use wheelchairs and otherwise have qualified mobility disabilities; (2) to change its policies and practices to prevent the reoccurrence of access barriers post-remediation; and (3) authorize Plaintiff or her representative(s) to monitor Defendant's subject facilities to ensure that the injunctive relief ordered above remains in place;

C.      Entry of an Order certifying the Class proposed by Plaintiff, and naming Plaintiff as Class Representative and appointing her counsel as Class Counsel;

D.      Entry of an Order for payment of costs of suit;

E.      Entry of an Order for payment of reasonable attorneys' fees, pursuant

to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

F.      Such other relief as the Court deems just, equitable and appropriate.

Respectfully submitted, this the 31st day of July, 2023.


/s/ *Peter H. Burke*_____
Peter H. Burke (ASB-1992-K74P)
**CR LEGAL TEAM, LLP**
3535 Grandview Parkway, Suite 100
Birmingham, AL 35243
Telephone: (336) 333-9899
Facsimile:  (877) 718-9952
Email: phburke@crlegalteam.com


/s/ *John Allen Fulmer II*_____
John Allen Fulmer II (ASB-1089-O42F)
**FULMER LAW FIRM, PC**
2330 Highland Avenue, South
Birmingham, AL 35205
Telephone: (205) 210-5555
Email: jaf@jafulmerlaw.com


/s/ *Edward I. Zwilling*_____
Edward I. Zwilling (ASB-1564-L54E)
**LAW OFFICE OF EDWARD I.
ZWILLING, LLC**
4000 Eagle Point Corporate Drive
Birmingham, AL 35242
Telephone: (205) 822-2701
Email: edwardzwilling@zwillinglaw.com


*Attorneys for Plaintiff individually and
on behalf of all others similarly situated*

## **PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT:**

Home Oil Company, Inc. dba Hobo Pantry
c/o Timothy Shirley, *Registered Agent*
5744 East U.S. Highway 84
Cowarts, AL 36321-4202